23023

In the Matter of Fletcher M. RILEY Magistrate for Orangeburg County.
(380 S. E. (2d) 816)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*Fletcher M. Riley,* Cope, *pro se.*

Heard April 18, 1989.

Decided June 5, 1989.

*Per Curiam:*

Respondent, an Orangeburg County Magistrate, is charged with judicial misconduct in administering his court docket and office finances. Both the Panel of Hearing Masters and the Judicial Standards Commission made findings of misconduct; both recommended that Respondent be publicly reprimanded. We agree with these findings and recommended sanction.

Respondent has admitted the factual allegations of the Complaint which alleges that an audit of Respondent's records for the period of June, 1985, to February, 1987, revealed the following irregularities and discrepancies:

1. Cash receipts were not issued for all funds deposited into the Magistrate's office bank account.

2. More than one numbered series of receipts was in use at the same time, and one series of receipts was missing.

3. Cash receipts could not be accurately traced to deposits into or disbursements from the office account.

4. The commingling of Respondent's personal funds with those in the office account.

5. At least two of Respondent's personal checks deposited into the office account were returned due to insufficient funds, resulting in the assessment of bank charges against the account.

6. A majority of the cases disposed of by Respondent were not reported on court dockets, and four cases were recorded twice.

While there was no evidence of misappropriation of funds, Respondent failed to maintain adequate records or to follow proper procedures in the administration of his office, as required by statute and orders of the Chief Justice.

Respondent violated Canon 3(B)(1) of the Code of Judicial Conduct which requires a judge to "diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials." We agree that Respondent is, therefore, also guilty of misconduct under section 1(b)(2) and (3) of the Rule on Judicial Discipline and Standards, Supreme Court Rule 34. He stands publicly reprimanded.

Public reprimand.